UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IAN H.,

                Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.

CASE NO. C19-1120-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

    Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

    Plaintiff was born on XXXX, 1977.[1] He has a GED and previously worked as a cashier, construction worker, and lumber handler. (AR 35, 55.)

    Plaintiff protectively filed an SSI application on May 24, 2016, alleging disability beginning June 1, 2008. (AR 192.) The application was denied initially and on reconsideration.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

On May 3, 2018, ALJ Stephanie Martz held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 30-57.) On September 4, 2018, the ALJ issued a decision finding plaintiff not disabled. (AR 15-25.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on May 21, 2019 (AR 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the application date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's degenerative disc disease lumbar spine, affective disorder, anxiety disorder, post-traumatic stress disorder, and history of substance abuse severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant can perform past relevant work. The ALJ found plaintiff able to perform sedentary work, with additional limitations: sit about six hours and stand and/or walk two hours with regular breaks; unlimited ability to push/pull; frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds;

ORDER
PAGE - 2

frequently balance and kneel; occasionally stoop, crouch, and crawl; avoid concentrated exposure to wetness, vibration, and hazards; understand, remember, and carry out simple, routine tasks; occasional brief contact with coworkers, but should work independently, not on team or tandem tasks; should not work with the general public; and can adapt to occasional changes in the workplace. With that RFC, the ALJ found plaintiff unable to perform his past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a bench hand, table worker, and hand bander.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff asserts error in the assessment of two medical opinions. He requests remand to cure the errors. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

Medical Opinions

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Plaintiff avers the ALJ erred in rejecting opinions from treating doctor Phuc Phung, M.D., and examining doctor William Wilkinson, Ed.D. Because the record contained contradictory opinions, the ALJ could reject the opinions of Drs. Phung and Wilkinson only with specific and legitimate reasons, supported by substantial evidence. *Id*. at 830-31.

A.     Dr. Phuc Phung

In a form dated April 26, 2018, Dr. Phung assessed plaintiff's capabilities from May 6, 2015 through the date of the form. (AR 596-97.) Dr. Phung opined plaintiff could, in an eight-hour day, sit, stand, or walk up to four hours total and no more than thirty minutes continuously and could, intermittently, sit and stand no more than two hours and walk no more than one-and-a-half hours. He found plaintiff could never perform various postural tasks and could occasionally handle, finger, and feel and lift/carry and push/pull up to ten pounds. Dr. Phung also opined plaintiff would be absent from work "30-31" days a month and is "not fit" to work due to his conditions and limitations. (AR 596.)

The ALJ noted opinions a claimant is disabled or unable to work are not medical opinions and are instead administrative findings reserved to the Commissioner. (AR 21.) The ALJ assigned Dr. Phung's opinions little weight given that he recorded no objective findings in support, his exams showed no abnormalities other than antalgic gait on one occasion, he provided no reasons for the opinion claimant was unable to work, and given inconsistency between the limitation to thirty minutes of continuous sitting and the evidence plaintiff took a daily one-and-a-half to two-

hour trip to Tacoma during this time period. The ALJ further found Dr. Phung's opinions inconsistent with the remainder of the record and on an issue reserved to the Commissioner.

Plaintiff denies the alleged lack of objective evidentiary support for Dr. Phung's opinion by pointing to an August 9, 2012 MRI showing abutment of both the left L03 and left S1 nerve roots. (AR 291.) He denies inconsistency with the evidence of daily trips from Auburn to Tacoma, pointing to evidence reflecting he transferred to a closer methadone treatment center in February 2017 (AR 594), over a year prior to the April 2018 opinion of Dr. Phung. Plaintiff also posits an assumption his trip to Tacoma required sitting more than thirty minutes at a time given that a portion of the round trip necessarily included his methadone treatment.

Plaintiff does not demonstrate error. The ALJ did not find the record devoid of any objective evidence associated with plaintiff's physical impairments. The ALJ found plaintiff had severe physical impairments, while rejecting Dr. Phung's opinion as to the degree of associated limitations by noting his failure to record any objective findings on the evaluation form, that his examinations did not provide objective support for the limitations assessed, and by finding the opinion inconsistent with the record as a whole. These reasons were specific and legitimate and supported by substantial evidence. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject physician's opinion due to inconsistency with the record); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (ALJ may reject physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations); *Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004) (treating physician's opinions properly discounted where it was in the form of a checklist and did not have supportive objective evidence); and *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by

clinical findings.")

Nor did the ALJ err in identifying an inconsistency between the assessed limitation in sitting and evidence of plaintiff's daily one-and-a-half to two-hour drives for methadone treatment. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ may reject opinion based on inconsistency with a claimant's level of activity). The evidence associated with plaintiff's treatment in Tacoma is not entirely clear. (*See, e.g.*, AR 564 (Dr. Phung, on September 14, 2017: "He currently takes Methadone supplied by a clinic in Tacoma.")) Dr. Phung, in any event, assessed limitations from May 6, 2015 through the date of the April 2018 evaluation. (AR 595.) Further, even without exact information as to the lengths of time in which plaintiff remained sitting during the drives to and from Tacoma, the inference drawn by the ALJ of an inconsistency remains reasonable. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld. In reaching his findings, the law judge is entitled to draw inferences logically flowing from the evidence.") (cited sources omitted). The ALJ also, as the Commissioner observes, included the need for "regular breaks" in assessing the amounts of time plaintiff could sit, stand, and walk. (AR 19.)

The ALJ, finally, properly observed that the opinion evidence from Dr. Phung infringed upon an issue reserved to the Commissioner, 20 C.F.R. § 416.927, and that Dr. Phung failed to provide reasons for the opinion of plaintiff's inability to perform any work, *see, e.g.*, *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[T]he ALJ may 'permissibly reject[ ] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions.'") (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)); 20 C.F.R. § 416.927(c)(3) ("The better an explanation a source provides for an opinion, the more weight we will give that opinion."). The

ALJ therefore provided adequate and properly supported rationale for assigning little weight to the opinion evidence from Dr. Phung.

B.  Dr. William Wilkinson

Dr. Wilkinson examined plaintiff and completed a psychological evaluation form dated September 23, 2016. (AR 315-22.) He assessed mostly mild and moderate limitations in functioning, but identified marked limitations in performing activities in a schedule, maintaining regular attendance, and being punctual, completing a normal work day and week, and maintaining appropriate behavior in a work setting. (AR 317-18.)

The ALJ found Dr. Wilkinson's opinion not consistent with the evidence. (AR 22.) The ALJ noted plaintiff is able to maintain a regular schedule to get his methadone and does not miss appointments. She found no evidence to support this opinion and not a single appointment showing plaintiff engages in inappropriate behavior, adding: "Occasionally the claimant is tearful, but this is not even a regular observation, which is inconsistent with the marked limitations." (*Id*. (citing AR 308, 374, 382, 387, 495, 502-04, 510, 523-24, 537-38, 542-43, 560-62, 567.))

Plaintiff alleges the ALJ erred by impermissibly conflating a medical opinion concerning the ability to perform basic work activities with the ability to perform activities of daily living. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (citing *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons ..., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")). Plaintiff also rejects the asserted absence of support for Dr. Wilkinson's opinion, pointing to his clinical and mental

status examination (MSE) findings. (*See* AR 316, 319 (plaintiff reported in clinical interview his "mood is down", he "thinks negatively", "his self esteem and sense of self worth are quite low to nil", moderate to marked suicidal thoughts, thinks "in a worrying manner that can become obsessive and never ending or producing anything", and avoids being around people and senses they are critical of him; MSE findings included despair and downcast behavior, anxious mood, affect congruent with mood, thought process and content "tends to the obsessive", poor recent memory, overly self-critical, self-analytical insight and judgment compromised "by being on the opioid maintenance program").)

Again, however, the Court finds no error. "The ALJ is responsible for resolving conflicts in the medical record." *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008). When evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The fact the ALJ "*could* have come to a different conclusion" in interpreting the record does not suffice to demonstrate error. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (emphasis in original).

In this case, while assessing significant limitations associated with plaintiff's mental impairments (*see* AR 19), the ALJ rationally interpreted the evidence as inconsistent with Dr. Wilkinson's opinion of the degree of plaintiff's impairment. In so doing, the ALJ reasonably pointed to the evidence of plaintiff's ability to maintain regular attendance with his methadone maintenance schedule, without missing appointments, and the absence of evidence of inappropriate behavior aside from occasional tearfulness. The ALJ, in so doing, provided specific

and legitimate reasons for not accepting Dr. Wilkinson's assignment of marked limitations in functioning. *See, e.g.*, *Tommasetti*, 533 F.3d at 1041 (inconsistency with the record); *Rollins*, 261 F.3d at 856 (inconsistency with level of activity). Because the ALJ's interpretation of the evidence is rational and supported by substantial evidence, her conclusions are properly upheld.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 14th day of January, 2020.

Mary Alice Theiler
United States Magistrate Judge